**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| EDWARD SMTIH, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| GARRISON CAPITAL INC., JOSEPH TANSEY, BRIAN CHASE, CECIL MARTIN, JOE MOREA, MATTHEW WESTWOOD, PORTMAN RIDGE FINANCE CORPORATION, and CITADEL ACQUISITION SUB INC., | ) CLASS ACTION ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On June 24, 2020, Garrison Capital Inc.'s ("Garrison," "GARS," or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Garrison to enter into an agreement and plan of merger (the "Merger Agreement") with Portman Ridge Finance Corporation ("Parent"), Citadel Acquisition Sub Inc. ("Acquisition Sub," and together with Parent, "Portman" or "PTMN"), and Sierra Crest Investment Management LLC.

2. Pursuant to the terms of the Merger Agreement, among other things: (i) Acquisition Sub will merge with and into Garrison, with Garrison surviving as a wholly-owned subsidiary of Parent; (ii) Garrison will merge with and into Parent, with Parent surviving; and (iii) Garrison's stockholders will receive shares of Parent common stock for each share of Garrison they own.

3. On September 1, 2020, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission ("SEC"), which recommends that Garrison's stockholders vote to approve the Proposed Transaction at a special meeting of stockholders scheduled for October 19, 2020.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Garrison common stock.

9. Defendant Garrison is a Delaware corporation and maintains its principal executive offices at 1290 Avenue of the Americas, Suite 914, New York, New York 10104. Garrison's

common stock is traded on the NASDAQ Global Select Market under the ticker symbol "GARS."

10. Defendant Joseph Tansey is Chief Executive Officer and Chairman of the Board of the Company.

11. Defendant Brian Chase ("Chase") is a director of the Company.

12. Defendant Cecil Martin is a director of the Company.

13. Defendant Joe Morea is a director of the Company.

14. Defendant Matthew Westwood is a director of the Company.

15. The defendants identified in paragraphs 10 through 14 are collectively referred to herein as the "Individual Defendants."

16. Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

17. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Garrison (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

19. This action is properly maintainable as a class action.

20. The Class is so numerous that joinder of all members is impracticable. As of June 24, 2020, there were approximately 16,049,352 shares of Garrison common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

24. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. Garrison is an externally managed, non-diversified, closed-end management investment company that has elected to be treated as a business development company under the Investment Company Act of 1940.

26. The Company is managed by its investment adviser, Garrison Capital Advisers LLC, an affiliate of Garrison Investment Group, and a registered investment adviser under the Investment Advisers Act of 1940, which provides the resources and expertise of the investment professionals at Garrison Investment Group.

27. On June 24, 2020, Garrison's Board caused the Company to enter into the Merger Agreement.

28. Pursuant to the terms of the Merger Agreement, among other things: (i) Acquisition Sub will merge with and into Garrison, with Garrison surviving as a wholly-owned subsidiary of Parent; (ii) Garrison will merge with and into Parent, with Parent surviving; and (iii) Garrison's stockholders will receive shares of Parent common stock for each share of Garrison they own.

29. According to the press release announcing the Proposed Transaction:

> Garrison Capital Inc. (Nasdaq: GARS) ("GARS") and Portman Ridge Finance Corporation ("PTMN") (Nasdaq: PTMN) announced today that they have entered into a definitive agreement under which GARS will merge with and into PTMN, a business development company managed by Sierra Crest Investment Management LLC ("Sierra Crest"), an affiliate of BC Partners Advisors L.P. ("BC Partners") and LibreMax Capital LLC. The transaction is the result of the previously announced review of strategic alternatives by GARS and has been approved by a unanimous vote of the Board of Directors of GARS (on the unanimous recommendation of the Special Committee of the Board of Directors of GARS) and the Board of Directors of PTMN. . . .
>
> Under the terms of the proposed transaction, GARS stockholders will receive a combination of (i) $19.1 million in cash (approximately $1.19 per share) from PTMN; (ii) PTMN shares valued at 100% of PTMN's net asset value per share at the time of closing of the transaction in an aggregate number equal to GARS' net asset value at closing minus the $19.1 million of PTMN cash merger consideration; and (iii) an additional cash payment from Sierra Crest, the external adviser to PTMN, of $5.0 million in the aggregate, or approximately $0.31 per share. GARS' stockholders will receive value per share of approximately 105% of GARS' net asset value per share from PTMN and Sierra Crest (based on March 31, 2020 net asset values per share of both GARS' and PTMN's stock and the aggregate value of cash consideration). Assuming a transaction based on respective March 31, 2020 net asset values for GARS ($105.7 million, or $6.59 per share) and PTMN ($120.4 million, or $2.69 per share), adjusted for expected transaction expenses, and PTMN's closing price on June 23, 2020 of $1.25, the transaction (including the additional cash payment from Sierra Crest of $0.31 per share) currently values GARS shares at approximately $3.97 per share, which represents 62% of GARS' March 31, 2020 net asset value (adjusted for expected transaction expenses) and a 43% premium to GARS' closing price on June 23, 2020. . . .
>
> The exchange ratio for the stock component of the merger will be determined by the net asset value of GARS and PTMN as of the closing, calculated as of 5:00 p.m.

New York City time on the day prior to the closing of the transaction. In addition to approval by GARS' and PTMN's respective stockholders, the closing of the merger is subject to customary conditions. The parties currently expect the transaction to be completed in the fourth calendar quarter of 2020.

Transaction Advisors

Keefe, Bruyette & Woods, *A Stifel Company* served as exclusive financial advisor to the Special Committee of GARS' Board of Directors. Proskauer Rose LLP served as counsel to GARS and Eversheds Sutherland (US) LLP served as counsel to the Special Committee of GARS' Board of Directors. Simpson Thacher & Bartlett LLP served as counsel to PTMN.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

30. Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction.

31. As set forth below, the Prospectus omits material information.

32. First, the Prospectus omits the Company's and Portman's financial projections.

33. The Prospectus fails to disclose the "financial and operating forecasts and projections of GARS that were prepared by, and provided to KBW and discussed with KBW by, GARS management and that were used and relied upon by KBW at the direction of such management and with the consent of the GARS Special Committee."

34. The Prospectus fails to disclose the "'street estimates' of PTMN, as well as assumed long-term PTMN growth rates provided to KBW by Sierra Crest management, all of which information was discussed with KBW by Sierra Crest management and used and relied upon by KBW based on such discussions, at the direction of GARS management and with the consent of the GARS Special Committee."

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

advisor in support of its fairness opinion.

36. Second, the Prospectus omits material information regarding the analyses performed by the Company's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW").

37. With respect to KBW's Selected Companies Analysis, the Prospectus fails to disclose the individual multiples and metrics for the companies observed in the analysis.

38. With respect to KBW's Selected Transactions Analysis, the Prospectus fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

39. With respect to KBW's Dividend Discount Analysis of GARS, the Prospectus fails to disclose: (i) the financial and operating forecasts and projections of GARS that were provided by GARS management; (ii) the individual inputs and assumptions underlying the discount rates ranging from 20.0% to 25.0%; (iii) the estimated future dividends of GARS; (iv) GARS's terminal values; and (v) KBW's basis for applying a terminal multiple range of 0.4x to 1.0x and a terminal dividend yield range of 17.0% to 9.0%.

40. With respect to KBW's Dividend Discount Analysis of PTMN, the Prospectus fails to disclose: (i) the street estimates of PTMN and assumed long-term growth rates for PTMN provided by Sierra Crest management; (ii) the individual inputs and assumptions underlying the discount rates ranging from 20.0% to 20.5%; (iii) the estimated future dividends of PTMN; (iv) PTMN's terminal values; and (v) KBW's basis for applying a terminal multiple range of 0.4x to 1.0x and a terminal dividend yield range of 17.0% to 9.0%.

41. With respect to KBW's Liquidation Analysis of GARS, the Prospectus fails to disclose: (i) the projections of net proceeds; and (ii) the individual inputs and assumptions underlying the discount rates ranging from 20.0% to 25.0%.

42. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

43. Third, the Prospectus omits material information regarding KBW.

44. The Prospectus fails to disclose the amount of compensation KBW received for the past services it provided to PTMN (formerly KCAP Financial, Inc.).

45. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

46. Fourth, the Prospectus omits material information regarding the process leading up to the execution of the Merger Agreement.

47. The Prospectus fails to disclose the terms and values of the indications of interest submitted during the process leading up to the execution of the Merger Agreement.

48. The Prospectus also fails to disclose the reasons Individual Defendant Chase resigned as Chief Operating Officer, Chief Compliance Officer, and Secretary of GARS effective on or around June 30, 2020 after participating in the process leading up to the Proposed Transaction.

49. The Company's stockholders are entitled to an accurate description of the process leading up to the Proposed Transaction.

50. The omission of the above-referenced material information renders the Prospectus false and misleading.

51. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Garrison

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Garrison is liable as the issuer of these statements.

54. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

55. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

56. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

57. The Prospectus is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

58. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

59. Because of the false and misleading statements in the Prospectus, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Portman

60. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61. The Individual Defendants and Portman acted as controlling persons of Garrison within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Garrison and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

62. Each of the Individual Defendants and Portman was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

63. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

64. Portman also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

65. By virtue of the foregoing, the Individual Defendants and Garrison violated Section 20(a) of the 1934 Act.

66. As set forth above, the Individual Defendants and Garrison had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.  Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 24, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com